**IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRUIT, IN AND FOR
ORANGE COUNTY, FLORIDA**

LORI GORGONE,

    Plaintiff,

-vs-                                          Case No.:

FLORIDA DISCOUNT DRUGS, INC. d/b/a TAYLOR'S PHARMACY, a Florida For Profit Corporation,

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LORI GORGONE, by and through her undersigned counsel, and hereby files this Complaint against the Defendant, FLORIDA DISCOUNT DRUGS, INC. d/b/a/ TAYLOR'S PHARMACY, a Florida for profit corporation ("Defendant"), for unpaid overtime compensation, unlawful retaliation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:.

## INTRODUCTION

1. This is an action by the Plaintiff against her former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## PARTIES

4. Plaintiff was a salary paid employee ("pharmacy technician") and performed related activities for Defendant in Orange County, Florida.

5. Defendant, FLORIDA DISCOUNT DRUGS, INC., is a pharmacy.

## FACTUAL ALLEGATIONS

6. Plaintiff, worked as "pharmacy technician" and performed related activities for Defendant in Orlando, Florida (Orange County).

7. In this capacity, Plaintiff, earned an annual salary in the amount of $43,680.00 for all hours worked.

8. Plaintiff worked for Defendant from approximately July 2005 to March 2018.

9. Plaintiff, routinely worked in excess of forty (40) hours per week as part of her regular job duties.

10. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of no less than time and one half her regular rate of pay for *all* hours worked over forty in a workweek.

11. Plaintiff was paid a fixed salary based on a forty (40) hours workweek.

12. Plaintiff was eligible for overtime provided she worked more than forty (40) hours per week.

13. As a result, Plaintiff should have received compensation at time and one half her regular rate of pay for all hours worked beyond the forty (40) hours per week.

14. Plaintiff consulted with undersigned counsel regarding Defendant's illegal pay practices and a letter of representation was served on the Defendant on March 12, 2018.

15. Thereafter, Defendant retaliated against Plaintiff by ending her employment on or about March 12, 2018.

16. Upon information and belief, records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

17. Defendant has violated Title 29 U.S.C. §215 in that they have discriminated and retaliated against Plaintiff for exercising her rights under the FLSA.

18. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

19. Defendant's retaliatory conduct against Plaintiff for complaining about Defendant's pay practices was willful.

**COVERAGE**

20. At all material times relevant to this action (2015-2018), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

21. At all material times relevant to this action (2015-2018), Defendant made gross earnings of at least $500,000 annually.

22. At all material times relevant to this action (2015-2018), Defendant accepted payments from customers based on credit cards issued by out of state banks.

23. At all material times relevant to this action (2015-2018), Defendant routinely ordered materials or supplies from out of state.

24. At all material times relevant to this action (2015-2018), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce.

25. At all material times relevant to this action (2015-2018), Defendant used U.S. mail to send and receive letters to and from other states.

26. At all times relevant to this action (2015-2018), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
## VERSUS FLORIDA DISCOUNT DRUGS, INC.

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 26 above.

28. Plaintiff worked for Defendant at from 2005 to 2018 as a salary paid employee for Defendant's businesses located in Florida.

29. Defendant, FLORIDA DISCOUNT DRUGS, INC., is a corporation doing business in the State of Florida and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

30. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours.

31. Specifically, Plaintiff worked multiple weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she were employed.

32. Upon information and belief, records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant, FLORIDA DISCOUNT DRUGS, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II - RETALIATION**

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 26 above.

34. During her employment with Defendant, Plaintiff made complaints to Defendant that she was not being paid overtime compensation and expressed her desire to be paid the same.

35. Following the letter, the Defendant subsequently terminated Plaintiff's employment.

36. Defendant has discriminated and retaliated against Plaintiff because she complained about Defendant's unlawful pay practices in violation of 29 U.S.C. §215(a)(3).

37. Defendant's retaliatory and discriminatory conduct towards Plaintiff was willful as Defendant knew or should have known that its actions were in violation of 29 U.S.C. §215(a)(3).

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

39. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment against Defendant for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED this __**23rd**__ day of **March**, **2018**.

Respectfully submitted by,

THE LEACH FIRM, P.A.
1950 Lee Road, Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@the;eachfirm.com
_s/ Carlos V. Leach _____
Carlos V. Leach, Esq.
Florida Bar No.: 0540021