**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LORI GORGONE,**

                    **Plaintiff,**

**v.**                                                        **Case No:   6:18-cv-635-Orl-37LRH**

**FLORIDA DISCOUNT DRUGS, INC.,**

                    **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF LAWSUIT WITH PREJUDICE (Doc. No. 24)** |
| **FILED:** | **March 8, 2019** |

## I.    BACKGROUND.

        Plaintiff Lori Gorgone filed a complaint in state court against Defendant Florida Discount

Drugs, Inc. d/b/a Taylor's Pharmacy, asserting a claim under the overtime provisions of the Fair

Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") ("Count I"), and a claim for retaliation

pursuant to 29 U.S.C. § 215(a)(3) ("Count II").   Doc. No. 2.   Defendant removed the case to this

Court on April 23, 2018.   Doc. No. 1.   On January 22, 2019, the parties filed a Joint Motion for

Approval of Settlement and Dismissal of Lawsuit with Prejudice.   Doc. No. 18.   With the motion,

the parties filed a copy of an FLSA Settlement Agreement and Release of Claims, which is related

to only Count I of the complaint.   Doc. No. 18-1.

The Court denied that motion without prejudice, finding that there were several provisions of the parties' agreement that arguably undermined the fairness of the settlement.   Doc. No. 19. Among other problems, the release appeared to extend beyond the FLSA unpaid wage claim asserted in the complaint, the release extended to non-parties, and the agreement contained a confidentiality and non-disparagement clause as well as a covenant not to sue.   *Id.* at 1–4.   In addition, the agreement did not contain a severability clause.   *Id.* at 5.

On March 8, 2019, the parties filed an Amended Joint Motion for Approval of Settlement and Dismissal of Lawsuit with Prejudice.   Doc. No. 24.   With the motion, the parties have included a copy of their Amended FLSA Settlement Agreement and Release of Claims ("Amended Agreement"), which resolves only Count I of Plaintiff's complaint.   Doc. No. 24-1.   The parties assert that they have also resolved Count II of the complaint by separate agreement.   *Id.* at 5–7. The parties have not filed the separate settlement agreement related to Count II with the Court, but they represent that Defendant agrees to settle Plaintiff's claim in Count II for $500.00, "in order to obtain dismissal of Count II with prejudice and obtain a general release and other agreements from Plaintiff."   *Id.* at 7.   They have provided the language of the general release in their motion, and they represent that Plaintiff will also receive a neutral reference in exchange for the general release. *Id.* at 5–7, 10.   The parties maintain that resolution of Count I is separate and distinct from resolution of Count II, and that the two settlements are "wholly unrelated."   *Id.* at 7, 13.   The parties request that Court approve the Amended Agreement and dismiss this lawsuit with prejudice. *Id.* at 7.

The motion was referred to the undersigned for issuance of a Report and Recommendation, and the matter is ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims.  *Id.* at 1353–55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.  *See Lynn's Food Stores*, 679 F.2d at 1354.  There is a strong presumption in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2]  The parties may demonstrate the reasonableness of the attorney fees by either: (1)

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III.   ANALYSIS.

### A.   *Whether Plaintiff Has Compromised Her FLSA Claim.*

Under the Amended Agreement, Defendant will pay Plaintiff a total of $2,500, representing $1,250 in unpaid wages and $1,250 in liquidated damages.  Doc. No. 24-1 ¶ B(1).  In answers to the Court's interrogatories, Plaintiff averred that she worked approximately 500 hours of overtime at $10.50 per hour, for a total amount of unpaid overtime compensation of $5,250.  Inclusive of liquid damages, she claimed entitlement to $10,500.  Doc. No. 12, at 2.

Because Plaintiff will receive less under the Agreement than the amount she claimed that she was owed for her wage claim under the FLSA, Plaintiff has compromised her claim in Count I of the complaint within the meaning of *Lynn's Food*.  *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

### B.   *Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised her FLSA unpaid wage claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that she agreed to accept is reasonable.  The parties agree that this action involves disputed issues, including whether Defendant owed any compensation to Plaintiff because Defendant maintains that Plaintiff was properly compensated for all hours worked.  Doc. No. 24, at 7, 12.  The parties represent that they participated in discovery regarding the disputed issues, exchanged the time and pay records concerning the hours worked by Plaintiff, and both parties had counsel who analyzed Plaintiff's claims to negotiate a mutually

satisfactory resolution of this dispute.   *Id.* at 12.   The parties further represent that "Plaintiff views a recovery of $1,250 in unpaid wages and $1,250 in liquidated damages . . . as satisfactory, given the challenges associated with continued litigation."   *Id.* at 9.

Because these representations adequately explain the reasons for the compromise of Count I of the complaint, I recommend that the Court find the amount of the compromise reasonable.   *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C. *Attorney's Fees and Costs.*

Because Plaintiff has compromised her FLSA claim, the Court must also consider whether the payment to her attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept in settlement.   *See Silva*, 307 F. App'x at 351.   Pursuant to the Amended Agreement, Plaintiff's counsel will receive $5,000 for the work performed on Plaintiff's behalf.   Doc. No. 24-1, at 2.   The parties represent that "the attorney's fees and costs agreed to be paid to Plaintiff's counsel were separately negotiated at arms-length," citing *Bonetti*.   Doc. No. 24, at 16.

Based on this representation, and in the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of her FLSA wage claim.   *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

D. *The Release.*

The Court must next consider whether Plaintiff's release of claims in the Agreement renders it unfair.   *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012

WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims.").   The release provision in the Amended Agreement provides:

> 4.  **Release of Claims**. In consideration of the payments described in Paragraph I, which GORGONE acknowledges is substantially in excess of any amount GORGONE is otherwise due from EMPLOYER, and upon the advice of counsel retained by and on behalf of GORGONE, GORGONE hereby voluntarily, knowingly and willingly, releases and waives all rights and claims to date of every nature and description associated with Count I of the Complaint in the Lawsuit.

Doc. No. 24-1, at 4.   A release that is limited to the claims raised in a plaintiff's complaint raises no concerns under *Lynn's Food*.   *See, e.g.*, *Turner v. HJB Express Freight, Inc*., No. 6:17-cv-655-Orl-37KRS, Doc. No. 35 (M.D. Fla. May 8, 2018) (approving FLSA settlement where release was limited to claims asserted in the complaint).   Accordingly, I recommend that the Court find that this release provision does not affect the reasonableness of the Amended Agreement.

However, in another portion of the Amended Agreement, the parties covenant that:

> the Settlement Payment is being paid by EMPLOYER in full and complete settlement of *all claims or causes of action of any type or description* which GORGONE has or could have asserted against the EMPLOYER *including, without limitation*, any claims of GORGONE related to her employment by EMPLOYER or her separation from employment with EMPLOYER, or any other rights GORGONE may have against EMPLOYER associated with Count I of the Lawsuit.

Doc. No. 24-1, at 3 ¶ 1(d) (emphasis added).   As the Court previously admonished the parties, this provision could be read to extend beyond the FLSA unpaid wage claim asserted in the complaint and arguably conflicts with the language of the release.   Doc. No. 19.   Nonetheless, the parties have included a severability clause in the Amended Agreement.   *See* Doc. No. 24-1 ¶ 9 ("In the event that any one or more provisions of this Agreement becomes or is declared by a court or other tribunal of competent Jurisdiction to be illegal, unenforceable, or void, excluding the general release language of Paragraph 4 of this Agreement, then this Agreement shall continue in full force and

effect without said provision."). Accordingly, I recommend that the Court strike language from paragraph 1(d) of the Amended Agreement as follows:

> the Settlement Payment is being paid by EMPLOYER in full and complete settlement of ~~all claims or causes of action of any type or description which GORGONE has or could have asserted against the EMPLOYER including, without limitation, any claims of GORGONE related to her employment by EMPLOYER or her separation from employment with EMPLOYER, or~~ any ~~other~~ rights GORGONE may have against EMPLOYER associated with Count I of the Lawsuit.

> E.     *Covenant Not to Sue.*

Although the Amended Agreement includes a paragraph titled, "Covenant Not to Sue," (Doc. No. 42-1 ¶ 6), the provision provides, in full:

> 6. Covenant Not to Sue GORGONE represents that, other than the Lawsuit referred to above, she has not filed any legal action against EMPLOYER with any county or federal or state agency or court arising out of her employment with EMPLOYER.

The parties have removed the problematic language from their first settlement agreement that prohibited Plaintiff from bringing any legal action against Defendant in the future. *See* Doc. No. 18-1. Accordingly, this provision does not undermine the fairness of the parties' settlement.

> F.     *Resolution of Count II By Separate Agreement.*

Generally, "[a] settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim." *Thompson v. Dealer Mgmt. Serv., Inc.*, No. 6:16-cv-1468-Orl-40KRS, 2016 WL 7644856, at *2 (M.D. Fla. Dec. 13, 2016) (citations omitted), *report and recommendation adopted*, 2017 WL 37941 (M.D. Fla. Jan. 4, 2017). The presiding District Judge in this case has cautioned that he will monitor separate agreements containing general releases closely "to ensure that they are not shams designed to extract impermissible concessions from FLSA plaintiffs." *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014). Here, the parties represent that the settlement as to Count II is wholly unrelated to the resolution of

Count I, and Plaintiff is receiving separate consideration for the release of her claim in Count II, which includes $500 and a neutral reference.   Doc. No. 24, at 5–7, 10.   Insofar as the Court finds that the separate agreement has not contaminated the fairness of the settlement of Plaintiff's FLSA unpaid wage claim, I recommend that the Court find the separate agreement that contains a general release permissible in this case.

## IV.    CONCLUSION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT in part** the Amended Joint Motion for Approval of Settlement and Dismissal of Lawsuit with Prejudice (Doc. No. 24);

2. **STRIKE** language from and **REVISE** ¶ 1(d) of the Amended Agreement as follows:

   the Settlement Payment is being paid by EMPLOYER in full and complete settlement of ~~all claims or causes of action of any type or description which GORGONE has or could have asserted against the EMPLOYER including, without limitation, any claims of GORGONE related to her employment by EMPLOYER or her separation from employment with EMPLOYER, or~~ any ~~other~~ rights GORGONE may have against EMPLOYER associated with Count I of the Lawsuit.

3. **FIND** that the parties' Amended Agreement (Doc. No. 24-1), as revised above, is a fair and reasonable resolution of a bona fide dispute under the FLSA;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 20, 2019.

*Leslie R. Hoffman*

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy